# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY;<br><br>Plaintiff,<br>vs.<br><br>KEYSTONE ALTERNATIVES LLC d/b/a GOPSURV.COM and MARK LAUER;<br><br>Defendants. | Case No. 1:19-CV-2039<br><br>Hon. Yvette Kane |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY

In support of Defendants' Motion to Compel Deposition Testimony, Defendants reply to Plaintiff's Opposition Memorandum (Doc. 121) as follows:

### I. ARGUMENT

**A.  Defendants Did Not Delay in Taking Longo's Deposition.**

Defendants attempted, in the weeks that followed the Court's orders of May 3, 2021 and June 7, 2021 extending fact discovery in part, to work with Longo on deposition times. Defendants received an email from general counsel for Athletes First on June 10, 2021 informing Defendants that Athletes First would not work with Defendants on times before Defendants served a valid subpoena. Defendants served a deposition subpoena on Athletes First on June 11, 2021 seeking to depose Longo on June 29, 2021, then received objections from outside counsel for Athletes First on June 24, 2021. Chris Longo would not appear at the scheduled deposition

1

time. His outside counsel claimed Longo was unavailable along with his counsel. Defendants had to serve a second deposition notice for July 19, 2021.

In short, Defendants did not delay unnecessarily in deposing Chris Longo. Defendants have tried not to involve the Court unnecessarily in discovery disputes, even though Plaintiff uses these complications to claim Defendants have not been diligent.[1] Even as the present Motion is pending, Defendants have agreed to allow Plaintiff to depose both of Defendants' expert witnesses with only five (5) days' notice (to avoid pressing the Court with the issue), including one deposition which Plaintiff has noticed for a federal holiday.

**B.     Plaintiff Argues the Present Motion is an Attempt to Reopen Fact Discovery which was Never Closed.**

Throughout Plaintiff's Opposition Memorandum, Plaintiff acts as if the Court has already issued a final ruling on Franklin and Defendants' right to depose him. The Court has not. Plaintiff devotes considerable argument, in opposing Defendants' Motion (including in Plaintiff's Legal Standard section), to the proposition that Defendants' present motion is an attempt to reopen fact discovery. The Court's ruling of May 3, 2021 (four days after fact discovery ended) expressly provided that Defendants could continue fact discovery with Longo's deposition and beyond, granting Defendants the right to move the Court again to depose Franklin thereafter without prejudice once Longo's deposition was concluded.

In the Court's opinion of June 7, 2021 on Defendants' Motion to Extend Fact Discovery (Doc. 101), the Court ruled that "Defendants' motion <u>is granted</u> . . . insofar as necessary to comply with Magistrate Judge Saporito's orders regarding discovery." (Doc. 109.). By the plain language of the Court's order, Defendants' Motion to Extend Fact Discovery was *granted* with respect to Longo and the prospective deposition of Franklin, as well as issues naturally stemming

---

[1] Plaintiff claims Defendants "have demonstrated a consistent pattern of delay in this case." Opp. Mem. p. 19.

2

from that discovery as the limitations upon that discovery which Plaintiff requested in opposing the Motion to Extend were denied. Thus, Defendants are not moving to reopen fact discovery as Plaintiff repeatedly asserts, but continuing fact discovery already permitted.

Defendants do not have unlimited numbers of depositions under the Case Management Order and have tried to be judicious in using them.

1. <u>Defendants' Request to Depose Franklin Has Been Pending for A Year.</u>

Plaintiff claims that Defendants have waited too long to try and depose Franklin, and that fact discovery is now complete. Defendants note that their letter originally filed with the Court seeking discovery from Franklin was filed on December 1, 2020 (Doc. 73), five months before the close of fact discovery. Plaintiff has stonewalled all attempts to secure this deposition for ten (10) months, only to now claim Defendants have unreasonably delayed.

**C.  Plaintiff Has Not Substantively Addressed Longo's Problematic Testimony.**

Plaintiff makes no attempts to explain the contradictions in Longo's testimony, nor to rebut Defendants' allegations that his testimony bears on material facts. Plaintiff merely claims that all of Longo's deposition testimony is "beside the point." Opp. Mem. p. 11.

Longo's testimony bears on issues of critical materiality to the case, including: (1) Whether Franklin authorized Defendants to use the domain name and trade name GOPSURV on flyers submitted at official Penn State events; (2) Whether Barbour authorized Defendants to use the domain name and trade name GOPSURV on flyers submitted at official Penn State events; (3) Whether Athlete's First made these representations without authority; (5) Whether senior members of Penn State's athletic staff knew of Defendants' activities, including Franklin and Barbour; (6) Whether Franklin requested that Defendants drive RVs to away games for Franklin's professional use as an employee of Penn State to save Penn State money; (7) Whether

3

Penn State would have been obligated under NCAA guidelines to cover these RV services as professional expenses had they not been provided for free; (8) Whether Franklin requested that Defendants drive RVs to home games for Franklin's professional use as an employee of Penn State; (9) Whether Franklin's visiting and autographing Defendants' RV with trademarks of Penn State, including "We are!" might reasonably be construed as implicit authorization to use the marks; (10) Whether the grant of permission from Franklin and Barbour to say "Official PSU RV Rental" in marketing materials distributed at official events at Beaver Stadium amounts to grant of permission to use Plaintiff's mark PSU; (11) Whether Franklin committed to doing promotional videos and marketing for Defendants bears on laches; and (12) Whether Franklin and Barbour ratified Athletes First's communications with Defendants.

**D.     The Matters Discussed with Lauer by Plaintiff in the Phone Call of 2015 are Disputed.**

Plaintiff has exhibited phone records subpoenaed from Mark Lauer's cellular phone provider to its Opposition Memorandum. In addition to Lauer's mobile phone, Defendants received calls over the years on an 800 number and from a line. In his deposition, Lauer referenced a phone call received from Maureen Riedel, with Penn State Licensing, in 2012, not in 2015. In this phone call, Lauer represented he was told that Penn State would call him back about whether his website name violated Penn State trademarks, but that Penn State never did. Lauer Dep. 18: 23 – 9:8. Penn State's failure to contact him again shows not that Defendants' activities were objected to by Plaintiff, but that they were not, as well as establishing Plaintiff's awareness of them.

Additionally, the letter which Plaintiff sent Defendants two years later, on May 12, 2017, was not a cease-and-desist letter regarding infringement, but a generic form letter sent to all RV rental companies using Penn State's ORV lot. It did not accuse Defendants specifically of using

4

Plaintiff's marks, but rather generally informed all letter recipients that they needed a license grant from either Penn State or "its licensed designee" to use the marks. Defendants have always maintained that such a grant was provided, on an ongoing basis, from numerous individuals and department at Penn State who used or authorized Defendants' use, including Penn State employees working in Alumni relations, the Ag Department, the Athletic Department, Parking, Ticketing, the Insurance Department, the Physical Plant, and others. Moreover, this call by Riedel would have been made without knowledge that Franklin and Barbour were granting superseding permission to use PSU in Defendants' domain name in the Text Message Chain.

In June of 2018, eight years after Defendants began using the PSU identifier in its domain name, and after the expiration of the laches period, Penn State sent a formal cease and desist letter to Defendants filed with misrepresentations, including that "it has recently come to our attention" that Defendant Keystone Alternatives was using Plaintiff's marks.[2] It was only finally in June of 2019 that Plaintiff filed an action in arbitration seeking to seize Defendants' domain <gopsurv.com>, which action Plaintiff lost with a finding of the presiding panelist that Penn State had acquiesced to Defendants' use and that PSSP was an agent of Penn State. Plaintiff advances its same failed arguments in this action.[3]

**D.     Lauer Did Not "Clearly" Testify that He Never Spoke with Franklin About GoPSURV.**

Plaintiff repeatedly claims that Lauer admitted Franklin never authorized use of GoPSURV, both in the present Motion and previously. Opp. Mem. p. 9. Lauer <u>did not</u> so testify. When asked if Lauer "ever had any conversations directly with Coach Franklin about endorsing

---

[2] Plaintiff never accused Lauer personally of committing trademark infringement, either in demand letters or the failed arbitration, until filing the present action.

[3] Plaintiff claims that it never "approved of" Defendants' use of PSU. Cmpl. ¶ 73. Later, Penn State claimed only low-level employees had knowledge. Plaintiff has opened the door to exploration of these issues.

5

Keystone Alternatives or GoPSUrv" Lauer's testimony, in fact, was as follows, "I did not. I assume that his agent – that's why you have agent. Whatever his agent was saying was what Coach Franklin was saying." This is much different from denying that he ever spoke with Franklin. Lauer is testifying to the opposite: that Franklin did authorize use of GoPSURV by having his agent speak for him. It is undisputed that Athletes first had actual authority to act for Franklin, or that Athletes First was in communication with Lauer on Franklin's behalf. Thus, Lauer's belief that he was communicating with Franklin when communicating with Athletes First is not only reasonable, it is fact under applicable principals of agency at law.

Plaintiff's representation that "the record is clear" that Franklin never communicated anything to Lauer which "could possibly be construed as Franklin providing Defendants assurances about any trademark claims" is false. *Id.* Lauer's conversations with Athletes First obviously did include communications related to the mark as the voucher Athletes First authorized expressly shows both "GoPSUrv.com" and "Official PSU RV Rental." Additionally, Franklin endorsed Defendants' RV with Plaintiff's mark, "We are." All of this can be construed as authorization.

The liberal discovery rules would be very shallow indeed if Defendants first had to prove with evidence that there was a need to obtain said evidence. Defendants need show only that Franklin's testimony has "any tendency to make the existence of any fact that is of consequent to the determination of the action more probable or less probable that it would be otherwise." Fed. R. Evid. 401.

## IV. CONCLUSION

Defendants respectfully pray that the Court grant the present Motion and compel Plaintiff to produce James Franklin concerning these matters for deposition not to exceed 140 minutes.

DATED AND SIGNED this 8th day of October 2021.

/s/ steven rinehart
Steven Rinehart (Pro Hac Vice)
**VESTED LAW, LLP**
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (888) 941-9933
Mobile: (801) 347-5173
Facsimile: (801) 665-1292
Email: steve@websiteattorneys.com

Jeremy A. Donham (206980)
**DONHAM LAW**
315 High Street
Morgantown, WV 26505
Tel: 717-881-7855
Email: j.donham@donhamlaw.com

Charles J. Hobbs (209321)
**THE HOBBS LAW FIRM**
256 E. Market Street
York, PA 17403
Tel: 717-793-2398
Email: chobbs@thehobbslawfirm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2021, a true and correct copy of the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY was served on the following person(s) indicated below:

| All parties/counsel of record, including:<br><br>Megan Haines<br>Lucy Jewett Wheatley<br>Claire Hagan Eller<br>MCGUIRE WOODS LLP<br>260 Forbes Avenue<br>Pittsburgh, PA 15222<br>Phone: (412) 667-6000<br>*Attorneys for Plaintiff* | \_\_\_\_\_ US Mail, Postage Prepaid<br><br>\_\_\_\_\_ Facsimile<br><br>\_\_\_\_\_ Hand-Delivery<br><br>\_\_\_\_\_ Federal Express<br><br>\_\_X\_\_ Electronically (ECF/PACER) |
|---|---|

/s/ steven rinehart
Steven Rinehart (Pro Hac Vice)
**VESTED LAW, LLP**
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (888) 941-9933
Mobile: (801) 347-5173
Facsimile: (801) 665-1292
Email: steve@utahpatentattorneys.com