UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, : : : Plaintiff, : : v. : : : KEYSTONE ALTERNATIVES LLC, : d/b/a/ GoPSUrv.com; and MARK : LAUER, : : Defendants. : | No. 1:19-cv-02039 (KANE, J.) (SAPORITO, M.J.) |

## MEMORANDUM

This matter is before the court on the defendants' motion to compel the deposition of James Franklin. (Doc. 114). This matter was previously referred to the undersigned United States magistrate judge (Doc. 85) on the defendants' motion to compel discovery. (Doc. 82). We previously denied without prejudice the defendants' request to depose James Franklin. (Doc. 99; Doc. 100).

### I. *Statement of Facts*

As we write for the parties, we only refer to pertinent facts for the resolution of this discovery motion. Initially, we incorporate by reference our recitation of the facts set forth in our Memorandum dated May 3,

2021. (Doc. 99). In addition, we point out that, after the instant motion was referred to us on September 29, 2021 (Doc. 118), the case was stayed by the court on October 19, 2021. (Doc. 128). The stay was lifted on December 1, 2021. (Doc. 131).

After we issued our Memorandum and Order denying the defendants' initial request to depose James Franklin, counsel for the defendants deposed Chris Longo, the purported agent of James Franklin, on July 19, 2021.

As counsel has referenced, in our Memorandum of May 3, 2021, we addressed the defendants' initial request to depose James Franklin. (Doc. 99, at 6-8). There, we listed the defendants' contentions: (1) Franklin authorized his agent, Chris Longo, to offer Franklin's endorsement of defendants' services through television commercials in exchange for defendants' RV rental services; and (2) Franklin allegedly made offers to endorse and promote defendants' business to use their services; and to approve defendants' business services, all of which supports the defendants' defense of acquiescence. In response, Penn State argued that (1) Franklin is the target of many frivolous discovery requests; (2) the defendants admit that Franklin did not "actively

represent" that Penn State would not assert a trademark claim concerning the defendants' use of GoPSUrv.com; (3) Franklin never mentioned defendants' use of GoPSUrv.com; (4) the defendants admit that Franklin did not discuss GoPSUrv.com or any other branding with the defendants; (5) the communications relied upon by defendants were with Chris Longo, a third-party; and (6) any request to depose Franklin is not proportional to the needs of the case. (Doc. 99, at 6-7).

At the time of their initial request, the defendants did not submit any evidence to demonstrate that James Franklin, his agent, or anyone affiliated with Penn State made representations that Penn State would not assert a right or a claim to the use of GoPSUrv.com. We observed that as Longo had not yet been deposed, he appeared to be the logical deponent and therefore we denied the defendants' initial request to depose Franklin without prejudice to the defendants reasserting their motion depending upon the testimony elicited from Longo at this deposition. Longo was deposed on July 19, 2021. This motion followed on September 20, 2021. The parties have briefed the issue and the matter is ripe for a decision.

## II. *Legal Standards*

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery. *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

> Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.

*Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citations omitted). When the Court is presented with a motion to

compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

## III. Discussion

After reviewing the submissions of the parties together with the excerpts of the deposition transcript of Longo, we are not persuaded that Longo's deposition testimony demonstrates that Franklin, or anyone affiliated with Penn State, made representations that Penn State would not assert any right or claim to the trademark.[1]

In their submissions (Docs. 115 and 124), the defendants concede that Longo was not acting as an agent on behalf of Franklin at any time. In addition, the defendants assert that they believe that Longo was instructed "to fall on his sword during the deposition to protect Franklin

---

[1] The defendants provided the Clerk with a flash drive of excerpted portions of the Longo deposition transcript. It does not contain the entire deposition testimony. The plaintiff provided the court with excerpts as well. (Doc. 121-3).

and Penn State" without any evidence to support that bald allegation. (Doc. 115, at 11).

The defendants maintain that Franklin's testimony is necessary for two reasons: (1) to determine whether Longo perjured himself repeatedly in his deposition by asserting that he never spoke with or communicated with Franklin about the defendants; and (2) to determine whether Longo was in fact acting fraudulently and without any authority in communicating with the defendants for Franklin and Penn State's athletic director. None of the reasons offered in support of their instant motion to compel the deposition of Franklin is relevant to any party's claim or defense in this case. We decline the invitation to permit the deposition on peripheral issues. Moreover, we find that permitting the defendants to depose James Franklin would be disproportional to the needs of the case in that the purported agent of Franklin has denied any agency whatsoever between Franklin and Longo.

Therefore, we see no compelling reason to change our ruling of May 3, 2021.

An appropriate order follows.

Dated: December 10, 2021

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge