IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| Plaintiff | : | No. 1:19-cv-02039 |
| | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| KEYSTONE ALTERNATIVES LLC D/B/A GOPSURV.COM and MARK LAUER, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is Keystone Alternatives LLC d/b/a GoPSUrv.com and Mark Lauer ("Defendants")' motion to dismiss for failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). (Doc. No. 142.) For the reasons that follow, the Court will deny the motion.

**I.   BACKGROUND**

   **A.   Procedural Background**

Plaintiff is The Pennsylvania State University ("Plaintiff" or "Penn State"), a not-for-profit, state-related institution for higher education. (Doc. No. 1 ¶ 5.) Defendants are Keystone Alternatives LLC ("Keystone") and Mark Lauer, who operates Keystone. (Doc. No. 1 ¶ 6.) Plaintiff brings this action for trademark infringement, based on Defendants' alleged infringing use of Plaintiff's registered trademark "PSU" and two internet domain names that incorporate the PSU mark (<psu.edu>, operated by Plaintiff, and <GoPSUsports.com>, operated by Plaintiff's authorized licensee), as well as the "PENN STATE" mark and the "Nittany Lion Logo." (Doc. No. 1 ¶¶ 1-4, 18-21, 26-31.)

Plaintiff asserts the following claims: trademark infringement (Count I), unfair competition (Count II), cybersquatting (Count III), and trademark dilution (Count IV) in violation of the Lanham Act, 15 U.S.C. § 1051 et seq. (Doc. No. 1.)  Plaintiff's complaint also asserts a claim for trademark dilution under Pennsylvania law (Count V) and a claim for common law trademark infringement and unfair competition (Count VI).  (Id.)  Defendants filed a motion to dismiss the complaint, which was denied, and subsequently filed an answer to the complaint (Doc. No. 32), asserting counterclaims for cyberpiracy (Counterclaim Count I), reverse domain name hijacking (Counterclaim Count II), and tortious interference with contractual relations (Counterclaim Count IV), and seeking a declaratory judgment that Defendants' domain name GoPSUrv.com does not violate the Lanham Act (Counterclaim Count III).  The Court granted Plaintiff's motion to dismiss Counterclaim Count IV.  (Doc. No. 40.)

Discovery has since proceeded in this case.  While it is not necessary to set forth the entirety of the intervening procedural history for purposes of the present motion, the Court notes that also before it, fully briefed and ripe for disposition, are Plaintiff's two Daubert motions. (Doc. Nos. 135, 140.)  Those motions will be addressed by the Court in a separate Memorandum and Order.

On December 13, 2021, Defendants filed a motion to dismiss for failure to join an indispensable party (Doc. No. 142) with a brief in support (Doc. No. 143).  Plaintiff filed a brief in opposition to the motion on January 10, 2022 (Doc. No. 155), and Defendants filed a reply brief on January 18, 2022 (Doc. No. 156).  Accordingly, the motion has been fully briefed and is ripe for disposition.

B.   **Factual Background**[1]

Keystone and Lauer run an RV rental business, renting RVs to football fans travelling to Penn State football games. (Doc. No. 1 ¶ 41.) Defendants offer these services at "GoPSUrv.com," and have registered that domain. (Doc. No. 1 ¶ 42.) In general, Defendants advertise their business as "GoPSUrv," and not as Keystone. (Doc. No. 1 ¶¶ 43-44.) Defendants allege that they have operated their RV rental business under the banner of "GOPSUrv" since as early as 2010. (Doc. No. 143-2 at 23.) Relying mainly on facts contained in documents (Doc. No. 143-1) that have been filed under seal in accordance with the Court's previous order (Doc. No. 118), Defendants offer evidence regarding the actions and representations of a third party: Athletes First. Broadly speaking, Defendants attempt to show by this evidence that an employee of Athletes First, the agent of Penn State football coach James Franklin ("Franklin"), expressed approval of Keystone's use of the trademarks in question in the employee's communications with Lauer. See (Doc. No. 143-2 at 6, 13). Chiefly, Defendants suggest that the employee authorized Defendants to distribute coupons bearing the domain "goPSUrv.com" and the words

---

[1] Many of the following factual allegations in this section are derived from Plaintiff's complaint and are therefore taken as true for purposes of the instant motion to dismiss. (Doc. No. 1); see Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993); Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 F. App'x 803, 805 (3d Cir. 2003) (unpublished). From those facts, the Court draws all reasonable inferences in the light most favorable to the Plaintiff. See Lorenz, 1 F.3d at 1411. In addition, the Court properly considers, but does not accept as true, evidence outside the pleadings. See A. & M. Gregos, Inc. v. Robertory, 384 F. Supp. 187, 193 n.16 (E.D. Pa. 1974) (stating that, "[i]n considering a motion to dismiss on grounds which relate to the court's jurisdiction," to include a motion to dismiss for failure to join an indispensable party, "we may rely on affidavits and other material outside the pleadings") (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)); see also Pittsburgh Logistics Systems, Inc. v. C.R. England, Inc. 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009); Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234, 236 (E.D. Pa. 2014). This is appropriate because, as stated in the advisory committee note to Rule 19, the "relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage." For this reason, "a motion to dismiss for failure to join an indispensable party is premature absent discovery." See Purvis v. Hamwi, 828 F.Supp. 1479, 1488 (D. Colo. 1993).

"Official PSU RV Rental and Tailgatings." See (Id. at 13). Based on these factual contentions, Defendants argue that Athletes First is an indispensable party under Federal Rule of Civil Procedure 19. See (Doc. No. 143 at 6-9).

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(7)

In reviewing a motion to dismiss for failure to join an indispensable party under Rule 12(b)(7), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. See Jurimex, 65 F. App'x at 805.[2] The court may also consider evidence outside the pleadings but does not accept such evidence as true. See A. & M. Gregos, 384 F. Supp. at 193 n.16 (E.D. Pa. 1974); Pittsburgh Logistics, 669 F. Supp. 2d at 618; Scottsdale, 303 F.R.D. at 236. The moving party bears the burden of showing that the unjoined party meets the criteria of Federal Rule of Civil Procedure 19. See Pittsburgh Logistics, 669 F. Supp. 2d at 618.

### B.   Federal Rule of Civil Procedure 19

Rule 19 specifies the circumstances under which joinder of a party is compulsory. See General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). The Third Circuit proceeds under a three-step analysis to determine whether the requirements of Rule 19 are met, triggering compulsory joinder. See id. at 312 (identifying three determinations courts must make in sequence under Rule 19, each one contingent on the last); see also Pittsburgh

---

[2] The Third Circuit has held that this standard of review applies when the court considers a motion to dismiss. See Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993). In Jurimex, the Third Circuit applied this standard in considering a motion to dismiss for failure to join an indispensable party under 12(b)(7). See 65 Fed.App'x. at 804-05.

Logistics, 669 F. Supp. 2d at 617; Spring-Ford Area Sch. Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001).

First, the court considers whether the party in question is necessary to the proceedings. See General Refractories, 500 F.3d at 312 (stating that "we must first determine whether the absent [parties] should be joined as 'necessary' parties under Rule 19(a)"); Spring-Ford Area Sch. Dist., 158 F. Supp. 2d at 483 (noting that "[u]nder Fed.R.Civ.P. 19, the threshold inquiry is whether the party is 'necessary' to the proceedings"). If the party is not necessary, the court's analysis stops there, and joinder is not mandatory. See Pittsburgh Logistics, 669 F. Supp. 2d at 617 (stating that "[i]f a party is not found to be necessary, the court's analysis stops at that point because a party cannot be 'indispensable' if it is not 'necessary'") (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993)).

If the party is necessary, the court proceeds to the second step of the analysis and considers whether it is feasible to join the party. See Pittsburgh Logistics, 669 F. Supp. 2d at 617 (citing General Refractories, 500 F.3d at 313). If it is feasible to join the necessary party, the party must be joined. See id. (citing General Refractories, 500 F.3d at 313).

If it is not feasible to join the party, the court proceeds to the third step of the analysis to determine whether the party is indispensable[3] under Rule 19(b). See General Refractories, 500 F.3d at 312. If the party is indispensable and joinder is not feasible, the action cannot go forward. See id.

---

[3] Courts continue to use the terms "necessary" and "indispensable" to classify parties under Rule 19, despite those terms having been removed from the text of the rule. See Janney, 11 F.3d at 404 n.4. More recently, the Third Circuit has used "required," which does appear in the current version of the rule, in place of "necessary," to refer to the criteria of Rule 19(a). See Fed. R. Civ. P. 19(a); In re: Howmedica Osteonics Corp., 867 F.3d 390, 408-09 (3d Cir. 2017). Because the majority of precedent uses the word "necessary" and not "required" to refer to the criteria of Rule 19(a), the Court will generally do so as well, in an effort to minimize confusion.

There are two alternative bases upon which a party may be considered necessary. See Pittsburgh Logistics, 669 F. Supp. 2d at 617 (citing General Refractories, 500 F.3d at 313). First, a party is necessary if, in their absence, "the court cannot accord complete relief among existing parties." See Fed. R. Civ. P. 19(a)(1)(A). Under this standard, the court focuses on whether, in the unjoined party's absence, it can grant complete relief to the persons who are already parties to the action. See Huber v. Taylor, 532 F.3d 237, 248 (3d Cir. 2008). The court does not consider the potential impact of a determination on the absent party itself. See id. (stating that the "effect a decision may have on [an] absent part[y] is immaterial"); General Refractories, 500 F.3d at 313. Courts have held that, where there are no allegations against an absent party, the absent party is not necessary under Rule 19(a)(1)(A). See Spring-Ford Area Sch. Dist., 158 F. Supp. 2d at 483 (reasoning that, "because the complaint does not state any allegations or make any claims against the [absent party], it is clear that complete relief can be granted in their absence"); Pittsburgh Logistics, 669 F. Supp. 2d at 618-19 (reasoning that the absent parties were not necessary under Rule 19(a)(1)(A) because, "[i]n short, there is nothing for the court or a jury to decide with regard to the liability of [an absent party to the plaintiff]").

Alternatively, a party is necessary if that party:

> claims an interest relating to the subject of the action and is so situated that disposing of the action in that person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

See Fed. R. Civ. P. 19(a)(1)(B). Unlike Rule 19(a)(1)(A), this provision requires the court to consider the impact of a determination on the absent party itself. See Janney, 11 F.3d at 406. To qualify as necessary under 19(a)(1)(B), a party must first demonstrate a "legally protected interest, and not merely a financial interest, in the action." See Liberty

Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005) (quoting Spring-Ford Area Sch. Dist., 158 F. Supp. 2d at 483). In cases where jurisdiction is based on a federal question, federal law determines the nature of a party's interest in the dispute. See Huber, 532 F.3d at 247 (noting that a party's interest is determined by reference to state law in diversity cases); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1603 (3d ed.) (stating that "[i]n federal-question cases, federal law controls the nature of a particular individual's interest in the dispute as well as whether that interest makes the absentee's joinder desirable or required"). The possibility that the determination may set a "persuasive precedent" against the absent party is not sufficient to establish the requisite interest in the dispute. See In re: Howmedica, 867 F.3d at 408.

The Third Circuit has held that a party is not required—or, in other words, necessary—under Rule 19(a) by virtue of being a potential joint tortfeasor. See id.; Huber, 532 F.3d at 249; Janney, 11 F.3d at 409; see also Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) (per curiam) (holding that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit").

Joinder of a party is feasible if that party is subject to service of process and joinder would not deprive the court of jurisdiction. See Pittsburgh Logistics, 669 F. Supp. 2d at 617 (citing General Refractories, 500 F.3d at 313). If joinder is not feasible, the court proceeds to the third step of the analysis, a determination as to whether a party is indispensable—that is, the action cannot proceed without them. See Fed. R. Civ. P. 19(b); General Refractories, 500 F.3d at 312.

Whether a party is indispensable, such that the action should not proceed in their absence, depends on four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

See Fed. R. Civ. P. 19(b). The court applies these factors and makes a discretionary determination as to whether the case must be dismissed. See Janney, 11 F.3d at 405; Pittsburgh Logistics, 669 F.Supp.2d at 617.

## III.  DISCUSSION

### A.  Arguments of the Parties

Without reference to the applicable standard, Defendants assert numerous bases upon which Athletes First should be considered an indispensable party under Rule 19. See (Doc. No. 143 at 6-11). First, Defendants argue that, as an agent of Franklin, Athletes First's representations "create a dispositive issue in the case concerning the extent to which Franklin . . . and PSU . . . authorized Defendants' use of the PSU mark." (Doc. No. 143 at 8-9.) In other words, Defendants appear to argue that Athletes First is an indispensable party because of its role as an agent of Plaintiff. By the same token, Defendants appear to argue that Athletes First is indispensable because of its own potential liability to Plaintiff. See (id.). Third, Defendants argue that Athletes First is indispensable because its absence "might prejudice Defendants if they are found liable for trademark infringement . . . ." (Doc. No. 143 at 9.) Fourth, Defendants assert in their reply brief that there may be an inconsistent verdict in the future should Defendants pursue their claims against Athletes First in a separate action. See (Doc. No. 156 at 5). Fifth, Defendants argue that Athletes First's interests could be impacted by

the resolution of this dispute because, if held liable, Defendants may attempt to hold Athletes First accountable in a separate action.  See (id.).

In response, Plaintiff maintains that Athletes First does not meet the "narrow and limited criteria" of an indispensable party under Rule 19.  (Doc. No. 155 at 8.)  Instead, Plaintiff asserts that Athletes First fails the first step in a Rule 19 analysis because it is not a necessary party.  See (id.).  Plaintiff argues that Athletes First is not necessary under Rule 19(a)(1)(A) because complete relief can be afforded to the existing parties without Athletes First, insofar as the parties seek relief only from each other.  See (Doc. 155 at 10).  As such, Plaintiff maintains, Athletes First need not be joined as a party in order for the Court to grant the parties their requested relief.  See (Doc. No. 155 at 11).  Nor does Athletes First have a legal interest in the dispute so as to render it necessary under 19(a)(1)(B), according to Plaintiff.  See (Doc. No. 155 at 13).  Plaintiff asserts that Defendants fail to identify any legally protected interest of Athletes First that would be impacted by a determination in this action.  See (id).  Because Athletes First is not necessary under Rule 19(a), Plaintiff maintains that it is not indispensable, and the motion should therefore be denied.  See (Doc. No. 155 at 11-12).

**B.     Analysis**

After careful considerations of the arguments of the parties and the relevant authorities, the Court concludes that Defendants have not met their burden to show that Athletes First is a necessary party under Rule 19(a), and therefore Athletes First cannot be considered an indispensable party under Rule 19.  As noted above, Defendants propose numerous grounds upon which Athletes First should be considered an indispensable party under Rule 19.  See (Doc. Nos. 143 at 6-11, 156 at 5).  However, to be considered indispensable under Rule 19, a party must first qualify as a necessary party under Rule 19(a).  See General Refractories, 500 F.3d at

9

312. Rule 19(a) provides only two grounds upon which a party may be considered necessary. See Fed. R. Civ. P. 19(a).

First, a party may be deemed necessary under 19(a)(1)(A) when, in its absence, complete relief cannot be afforded to the existing parties. See Fed. R. Civ. P.19(a)(1)(A). Defendants' second and third proffered grounds seem tangentially related to the "complete relief" basis for necessary party status.[4] See (Doc. No. 143 at 9). Defendants argue that Athletes First is indispensable because of its potential liability to Plaintiff, or that Athletes First is indispensable because its absence would prejudice Defendants' interests. See (id.). However, Rule 19(a)(1)(A) is only concerned with the court's ability to afford the relief requested to the existing parties. See Fed. R. Civ. P. 19(a). Rule 19(a)(1)(A) does not require joinder of a party of whom the existing parties request nothing. See Fed. R. Civ. P. 19(a)(1)(A); Spring-Ford Area Sch. Dist., 158 F. Supp. 2d at 483 (reasoning that, "because the complaint does not state any allegations or make any claims against the [absent party], it is clear that complete relief can be granted in their absence"). None of the existing parties has brought a claim seeking relief from Athletes First. See (Doc. Nos. 1 at 20-30, 32 at 11-20). Accordingly, nothing prevents the Court from issuing the complete relief requested to both Plaintiff and Defendants in Athletes First's absence, and thus, Athletes First is not a necessary party within the meaning of Rule 19(a)(1)(A).

Second, a party may be considered necessary under Rule 19(a)(1)(B) if it "claims an interest relating to the subject of the action" and meets one of two sub-criteria: resolution of the

---

[4] Defendants' first proffered ground, that Athletes First must be joined by virtue of its status as a potential agent of Penn State, lacks any basis in Rule 19. See (Doc. No. 43 at 8-9); Lomando v. United States, 667 F.3d 363 (3d Cir. 2011) (stating that "it is well-established that [Federal Rule of Civil Procedure] 19 does not require the joinder of joint tortfeasors[;] [n]or does it require joinder of principal and agent") (quoting Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880 (5th Cir.1987) (per curiam)).

matter in the person's absence will either 1) "as a practical matter impair or impede the person's ability to protect the interest" or 2) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." See Fed. R. Civ. P. 19(a)(1)(B). Defendants' fourth proffered ground upon which Athletes First should be considered necessary reflects the second sub-criteria: that "[t]here is a possibility of inconsistent verdicts if Defendants were required to pursue their claims against Athletes First in separate civil action." See (Doc. No. 156 at 5). However, Defendants fail to identify a prerequisite interest in the subject matter of the action.

Defendants' final proffered ground (and, seemingly, their proposed prerequisite interest) is that Athletes First's interests are affected by this action because, if liable, Defendants may seek to hold Athletes First accountable in a separate action. See (Doc. No. 156 at 6). This, however, indicates a financial, and not a legally protected, interest within the meaning of Rule 19(a)(1)(B). See Treesdale, 419 F.3d at 230 (quoting Spring-Ford Area Sch. Dist., 158 F. Supp. 2d at 483). The Third Circuit has held that "[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." See Janney, 11 F.3d at 412 (quoting Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988)). Alternatively, Plaintiff suggests that Defendants may implicitly argue that Athletes First has a legally protected interest in this litigation because of a possible preclusive effect on subsequent litigation that Athletes First could be subject to as a defendant. See (Doc. No. 155 at 15). However, as Plaintiff points out, the Third Circuit has stated that "where the preclusive effect of an action on any related litigation is speculative, joinder of an absent party is not compulsory under [Rule 19(a)(1)(B)]." See Huber, 532 F.3d at 251. It does not suffice to establish a legally protected interest within the meaning of

Rule 19(a)(1)(B) that the present dispute may set a "persuasive precedent" that disfavors the absent party. See id., 532 F.3d at 250 (concluding that "the requirements of Rule 19(a) are not satisfied simply because a judgment against Defendants in this action might set a persuasive precedent in any potential future action against [the absent party]"); Janney, 11 F.3d at 407 (holding that "we do not believe any possibility of a 'persuasive precedent' requires joinder under subsection 19(a)(2)(i)").

Assuming, arguendo, that Defendants had established that Athletes First has a legally protected interest in the present action, Defendants still have not satisfied the second sub-criteria of 19(a)(1)(B). Defendants appear to suggest that, if Defendants are held liable in the present action and Athletes First is not held liable in a subsequent action, there is a risk of "inconsistent obligations" under 19(a)(1)(B)(ii). See (Doc. No. 156 at 6) (arguing that "[w]here disparate outcomes by multiple courts are a possibility based on the same facts, complete relief cannot be granted in that party's absence").[5] This result, however, is not of the kind that the rule aims to prevent. See Janney, 11 F.3d at 411 (concluding that "[i]t is, of course, possible . . . that if [Joint Tortfeasor One] is held liable in the federal action, it 'may ultimately be responsible for the entire claim if [Joint Tortfeasor Two] is found not liable in the State Court Action'") (quoting Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 92-cv-01581, 1993 WL 4165, at *3 (E.D. Pa. Jan. 5, 1993), rev'd, 11 F.3d 399 (3d Cir. 1993)).

---

[5] Defendants incorrectly elide the standards of Rule 19(a)(1)(A)—in essence, complete relief—and 19(a)(1)(B), which calls for a legally protected interest in the subject matter of the litigation coupled with one of the two sub-criteria. See Fed. R. Civ. P. 19(a)(1). Regardless, this argument appears to be rooted in 19(a)(1)(B)(ii), which guards against the possibility that an existing party might incur double, multiple, or otherwise inconsistent obligations. See (Doc. No. 156 at 6); Fed. R. Civ. P. 19(a)(1)(B)(ii).

Defendants therefore have not met their burden to show that Athletes First has a legally protected interest in the subject matter of this action under 19(a)(1)(B) and have failed to establish that Athletes First is a necessary party under either alternative contemplated by Rule 19(a)(1). Because a party cannot be considered indispensable under Rule 19(b) without first meeting one of the grounds for necessity under Rule 19(a), the Court's analysis need not proceed further.

## IV.     CONCLUSION

In accordance with the foregoing, the Court will deny Defendants' motion to dismiss for failure to join an indispensable party. (Doc. No. 142.) An appropriate Order follows.